D. H. REED *v.* GEORGE S. WHITE *et al.*

(No. 8701)

Submitted May 11, 1938.    Decided May 17, 1938.

*Wm. T. George* and *Wm. T. George, Jr.,* for appellant.
*Kittle & Kittle* and *Ware & Ware,* for appellees.

FOX, JUDGE:

This appeal from the Circuit Court of Barbour County, involves the sufficincy of the original and amended bills filed in the cause, a demurrer to both having been sustained by the trial court, and the plaintiff not desiring to amend, the bills were dismissed.

George S. White is administrator of the estate of Floyd B. Reed, and that of his mother, Mary S. Reed. The original bill proceeded against him in both capacities, and the general purpose was to effect a settlement and distribution of both estates. The bill was attacked by demurrer, on the contention that the same was multifarious. This demurrer was not acted on, but subsequently an amended bill was filed in which all allegations with respect to the estate of Mary S. Reed were omitted, leaving only the Floyd B. Reed estate involved.

The original bill was filed at May Rules, 1935. Prior thereto, a settlement of the estate had been made before a commissioner of accounts, who filed his report on April 10, 1934. Exceptions to the report were filed and the same acted on by the county court on July 8, 1934, and again on October 1, 1934. The report was confirmed except as to the allowance of one claim against the estate. On this point, the report was disapproved and proper order entered by the court carrying into effect the neces-

sary changes in the distribution of the estate, occasioned thereby. From this order no appeal was taken by any party affected by the proceeding.

This report found that the balance in the hands of the administrator, as shown by the account of receipts and disbursements filed by him with the commissioner, was $9,-331.55; it also found that the funds had been deposited by the administrator in the First National Bank of Philippi, which was, at the time of the deposits, operating under a depository agreement made in October, 1931, providing that the payment of all savings accounts and time deposits should be deferred for two years from October 22, 1931, except as to interest thereon and a sufficient amount to pay depositors' taxes; and that the administrator, at the time he made his deposits, was assistant cashier of the bank and had knowledge of its general condition; also that said bank was closed under the general order of the President of the United States on March 6, 1933, and was not thereafter opened; and that at the time of the report, a new bank was being organized to take over certain assets of said bank, and pay fifty per cent of its deposits, and the remainder of its assets were to be liquidated. The commissioner made no finding as to the liability or responsibility of the administrator for the full amount of the funds deposited by him, stating in his report that such question was not before him for determination. The order of the county court passing on this report did not cover this question. It merely approved that part which covered the statement of the balance in the hands of the administrator and other items thereof, excepting certain parts mentioned above, and provided for the distribution of the estate. The language used in the order of the county court "that the remainder of the estate be distributed as follows," refers to the remainder of the estate after providing for payments directed to be made in those sections of the report which were confirmed by the court, and not, as contended by White, to the remainder of the estate after the deduction of the

loss occasioned by the deposit of said fund in the closed bank.

Under these conditions, this suit was instituted. The original bill was multifarious and the demurrer thereto, on that ground, was properly sustained. We will, therefore, confine our discussion to the amended bill, and from an inspection thereof, it will appear (1) that it alleges the deposit of the funds of the estate by the administrator in a bank which, by reason of his connection therewith, he knew, or should have known, was insolvent at the time, and that in so doing he assumed personal liability and responsibility for the full amount deposited under such circumstances; (2) that the administrator refused to account for more than fifty per cent thereof, by reason of the loss suffered by the closing of the bank; (3) that the failure of the commissioner of accounts to pass on the question of the liability of the administrator as to the whole of the funds so deposited was a basis on which the plaintiff had a right to proceed in equity "for the purpose of sur-charging and falsifying said report to the estate" and that it was necessary "to surcharge and falsify said reports" and to compel the administrator to make settlement and pay over to the plaintiff and other distributees the monies to which it is alleged they are entitled.

We think the allegations of the amended bill are sufficient to warrant a court of equity in assuming jurisdiction of the cause. Aside from the general jurisdicton of equity to settle estates, *Davis* v. *See*, 119 W. Va. 490, 194 S. E. 271, our statute confers such jurisdiction to enforce orders of county courts made with respect to personal representatives. Code, 44-2-24, in which reference is made to Code, 44-4-22, covering guardians, committees, curators or trustees, and, apparently, the procedure provided for in the latter section may be followed in acting under that first cited. If so, the administrator may make defense to a claim asserted under a county court order, and might do so in the case at bar even if the order of July 8, 1934, had made a finding that he was

responsible for the full amount of the deposits in question, and certainly he can do so when, as in this case, no finding whatever was made. There being no finding, and the county court having finally acted upon all matters which it found had been submitted to it, why does not the unsettled question, involving as it does, the complete settlement of the estate, warrant a court of equity in entertaining a bill for that purpose? How can it otherwise be settled? The commissioner of accounts did not think the question was properly before him and so reported, and the county court agreed because it approved that part of the report. The plaintiff demanded settlement on the basis of the admitted funds which went into the hands of the administrator, and the administrator declined to settle on that basis because he says a part of the fund was lost through no fault of his own for which he can be held liable. Does this not furnish jurisdiction for a suit in equity under Code, 44-2-24? If not, what remedy is open to the plaintiff and the other distributees similarly situated? The bill proceeds on the theory of a surcharge or falsification of the "report". Ordinarily, these terms are applied to the "account" or "settlement" of fiduciaries, but of what consequence is the resort to this theory? It is the settlement of the estate and its distribution that is sought, and the theory on which it is sought is unimportant.

We think the trial court erred in transferring this suit to the law side of the court. It is a proper case for equitable jurisdiction. Apparently, the trial court treated the cause as still being in equity, and, in effect, ignored the transfer to the law side of the court, because the decree sustaining demurrers to the bills and dismissing the same was entered on the equity side, and it is assumed that the court intended that the cause should be proceeded with in that forum.

We are of the opinion to affirm the decree of the trial court dismissing the plaintiff's original bill, the same being multifarious. We reverse the said decree so far as it sustains the demurrer to and dismisses plaintiff's

amended bill, and remand the cause to be proceeded with on the equity side of the court. Costs will be awarded to the appellant as the party substantially prevailing.

*Affirmed in part; reversed in part; remanded.*